HOWARD COOPER & CO. v. P. S. HARRIS ET AL.

PRACTICE—OFFICER—REPLEVY.—No recovery can be had, on motion, against an officer who levies an attachment, for failure to take a sufficient replevy bond.

APPEAL from Upshur. Tried below before the Hon. Z. Norton.

*Reeves & Dodd*, for appellants.—If it should be held that a failure to execute and return an attachment does not subject the officer and his sureties by motion, under Paschal's Dig., art. 3796, then we insist that, under article 990, Paschal's Dig., the motion was proper against the officer P. S. Harris.

The cause of action is well set forth, or, if not, is good on general demurrer; and, under our system of pleading, the court will not notice the name the pleader gives his cause of action. It is simply a suit on bond of P. S. Harris, and is good.

*F. J. McCord*, for appellee, on motion to dismiss.

ROBERTS, CHIEF JUSTICE.—Appellant brought suit, in the District Court of Upshur county, against E. M. Walker & Co., and recovered a judgment thereon for their debt, and for the sale of the property attached in said suit, the same being a lot in Longview, and certain goods, wares, and merchandise. The lot was accordingly sold, but the goods could not be found, as appears by the return of the sheriff, on the execution issued upon said judgment. The attachment was issued to, and levied on said lot and goods, by Pleasant S. Harris, a constable in and for the county of Upshur.

On the 11th of January, 1875, after the rendition of said judgment, and the return of said execution, the appellants, Howard, Cooper & Co., filed a motion in the District Court of Upshur county, against the said Harris, and others, his sureties, to recover the unpaid balance of said judgment, on

the ground that said Harris, after having levied said attachment on said goods, by his negligence, failed to take a sufficient replevy bond from said E. M. Walker & Co., when the goods were by him returned to them, and that thereby the said Howard, Cooper & Co. had lost their said debt.

The said Harris and his sureties filed an answer to said motion, in which they excepted to it, upon various grounds, one of which was, that they were not liable to be proceeded against for such a default, by motion, as attempted in this case.

The court sustained this exception and dismissed the case. The party making the motion appealed from the judgment, and assigned this ruling of the court as error.

To justify a summary motion of this sort, on any ground, it must be instituted upon a statute specifically authorizing it. We have been referred to none such. We know of no statute authorizing a motion to be made against an officer who levies an attachment, for failing to take a sufficient replevy bond.

This being sufficient to dispose of the case, it is unnecessary to notice other points presented in the record.

This being a good ground for dismissing the motion, the judgment of the court below is affirmed.

AFFIRMED.